IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIRALDA T. MORRISON,

    Plaintiff,

Vs                            CASE NO: 8:08CV1679-T23TGW

STATE OF FLORIDA.
DEPARTMENT OF VETERANS' AFFAIRS,

    Defendants.
_____/

ORIGINAL COMPLAINT

COMES NOW, the Plaintiff, **MIRALDA MORRISON** (Plaintiff), by and through her undersigned counsel, and files this complaint against **STATE OF FLORIDA/ DEPARTMENT OF VETERANS' AFFAIRS** (Defendant), and alleges:

1.    That the jurisdiction of this court arises under 42 U.S.C. § 1981, "Equal Rights Under Law," and Title VII of the Civil Rights Act of 1964.

2.    That the Plaintiff is a resident of Hillsborough, Tampa, Florida.

3.    That the Defendant is incorporated and (or) licensed to do business in the State of Florida, with its principal located at Baldomero Lopez State Veterans Nursing Home, 6919 Parkway Blvd., Land O' Lakes, FL. 34639.

4.    That on June 3, 2008, the United States Equal Employment Opportunity Commission issued a "Notice of Suit Rights." Exhibit A.

5.    The Plaintiff is Black and of Jamaican national origin. She was hired to work for the Defendant as a certified nursing assistant (C.N.A.)

6.     Beginning on October 31, 2007, the Plaintiff was harassed by her immediate supervisor, Judith Baraillier (white female).

    A.     During the Plaintiff's break, Ms. Barailler approached the Plaintiff in a break room. There were no other person in the break room, which holds about 20-30 persons; however, the said Ms. Barailler walked up and sat next to the Plaintiff. Ms. Barailler had a very angry tone of voice. She asked about Catherine, another C.N.A. The Plaintiff told Ms. Barailler that she did not know where Catherine was. Ms. Barailler then asked the Plaintiff if the Plaintiff "had a problem" with Ms. Barailler; and the Plaintiff said "no." Ms. Barailler then asked the Plaintiff if the Plaintiff and other employees had planned to report her for, apparently for unfair or discriminatory treatment. The Plaintiff felt intimidated and said, "I do not know what you are talking about."

    B.     Following the above-referenced meeting in the break room between the Plaintiff and Ms. Barailler, there had a great deal of tension between them. On November 12, 2008, the Plaintiff was pushing a resident in a wheelchair in the dinning room when she felt something hit her in the back of her leg. She looked around and Ms. Judy Barailler was also pushing a resident in a wheelchair. Ms. Barailler then struck the Plaintiff a second time, with the wheelchair. The Plaintiff noticed that Ms. Barailler was very angry, and the Plaintiff felt very intimidated. The Plaintiff immediate complained to the Administrator.

7.     On November 14, 2008, the Plaintiff resigned, due to fear of retaliation and for her safety. The Plaintiff has since filed a workers' compensation claim for the injury which she sustained to her leg when it was struck by the wheelchair pushed by Ms. Barailler.

## COUNT I. HOSTILE WORK ENVIRONMENT

8.   The Plaintiff hereby restates and re-alleges paragraphs 1 through 7.

9.   The Defendant subjected the Plaintiff to a racially hostile work environment due to the Plaintiff's race and national origin.

10.   The Plaintiff belongs to a protected class (black/ Jamaican American);

11.   The Plaintiff has been subjected to unwelcome harassment, both on October 31, 2007 and November 12, 2007, as mentioned above;

12.   The harassment was based on the Plaintiff's race and national origin;

13.   The harassment was sufficiently severe or pervasive to alter the terms and conditions of the Plaintiff's employment, and to create a discriminatorily abusive working environment;

14.   There is a basis for holding the Defendant liable, in that the harasser was the Plaintiff's immediate supervisor.

## COUNT II. RETALIATION

15.   The Plaintiff hereby re-alleges and restates paragraphs 1 through 7.

16.   The Plaintiff was perceived to have engaged in protected activity when supervisor Judith Baraillier quested her on October 31, 2007 about whether the Plaintiff had planned to report Ms. Baraillier.

17.   The Plaintiff was subjected to adverse employment conditions when supervisor Ms. Baraillier physically approached the Plaintiff while she was alone in the break room and, again, when Ms. Baraillier twice struck the plaintiff in the back of her leg with the wheelchair.

18.   The reason that Ms. Baraillier intimidated and struck the Plaintiff was because she believed that the Plaintiff had filed a race or national origin discrimination complaint against the Plaintiff.

## COUNT III. CONSTRUCTIVE DISCHARGE

19. The Plaintiff hereby re-alleges and restates paragraphs 1 through 7.

20. The Plaintiff resigned from the Defendant's employ on November 14, 2007 because the Plaintiff was afraid for safety, after being struck twice by supervisor Ms. Baraillier. The Plaintiff thus resigned because the working conditions were both objectively and subjectively intolerable. The plaintiff's resignation thus constituted a constructive discharge.

WHEREFORE, the Plaintiff demands:

A. Trial by jury.

B. Judgment against the Defendants for compensatory and punitive damages in the amount of $1,000,000.00.

C. Affirmative Action, as deemed appropriate by the Court.

D. Injunctive Relief, as deemed appropriate by the Court.

E. Attorney's fees and costs.

F. For whatever additional relief as is deemed just and appropriate by this honorable Court.

RESPECTFULLY SUBMITTED:

_Miralda Morrison_   27 Aug 2008
MIRALDA MORRISON

22349 Yachtclub Terrace
Land O Lakes, FL. 34639